UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------- X
                                             :
Dominion Capital LLC,                        :
                                             :          Case No. 1:19-cv-6704 (PGG)
            Plaintiff and Counter-Defendant, :
                                             :
            -against-                        :
                                             :          **COUNTER-DEFENDANT'S**
ShiftPixy, Inc.,                             :          **ANSWER TO COUNTER-**
                                             :          **PLAINTIFF'S**
            Defendant and Counter-Plaintiff. :          **COUNTERCLAIMS**
                                             :
                                             :
                                             :
-------------------------------------------- X


        Plaintiff and Counter-Defendant Dominion Capital LLC ("Dominion Capital"), by its

attorneys, Sullivan & Worcester LLP, for its answer and affirmative defenses ("Answer") to the

counterclaim and claims for relief (the "Counterclaim") of Defendant and Counter-Plaintiff

ShiftPixy, Inc. ("ShiftPixy"), states as follows:

### Jurisdiction

        1.      Insofar as paragraph "1" of the Counterclaim sets forth legal conclusions, no

response is necessary.

### Parties

        2.      Admits the truth of the allegations contained in paragraph "2" of the

Counterclaim.

        3.      Denies the truth of the allegations contained in paragraph "3" of the

Counterclaim.

**Factual Allegations Common to All Claims for Relief of the Counterclaim**

4. Admits the truth of the allegations contained in paragraph "4" of the Counterclaim.

5. Admits the truth of the allegations contained in paragraph "5" of the Counterclaim.

6. Admits the truth of the allegations contained in paragraph "6" of the Counterclaim except denies that the principal amount of the June 2018 Note was $2,250,000 and specifically states that the face amount of the June 2018 Note was $2,500,000.

7. Admits the truth of the allegations contained in the first sentence of paragraph "7" of the Counterclaim except denies the allegations contained in the second sentence of paragraph "7" of the Counterclaim.

8. Admits the truth of the allegations contained in paragraph "8" of the Counterclaim.

9. Admits the truth of the allegations contained in paragraph "9" of the Counterclaim.

10. Admits the truth of the allegation contained in paragraph "10" of the Counterclaim that the June 2018 Note matures September 4, 2019, but denies the truth of the allegation contained in paragraph "10" of the Counterclaim that the March 2019 Note matures September 21, 2020, and specifically states that the March 2019 Note matures September 12, 2020.

11. Admits the truth of the allegations contained in paragraph "11" of the Counterclaim.

12.     Denies the truth of the allegations contained in paragraph "12" of the Counterclaim and refers to the March 2019 Note for its explicit terms and conditions.

13.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Counterclaim.

14.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Counterclaim.

15.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Counterclaim.

16.     Insofar as paragraph "16" attempts to characterize a general practice, no response is required, and, if referring to the relevant Notes, the Notes' terms and conditions speak for themselves.

17.     Admits the truth of the allegations contained in paragraph "17" of the Counterclaim.

18.     Admits the truth of the allegations contained in paragraph "18" of the Counterclaim.

19.     Denies the truth of the allegations contained in paragraph "19" of the Counterclaim and specifically states that Dominion exercised its rights under the June 2018 Note in accordance with the Note's explicit terms and conditions.

20.     Denies the truth of the allegations contained in paragraph "20" of the Counterclaim and specifically states that Dominion exercised its rights under the Notes in accordance with the Notes' explicit terms and conditions, to which Dominion refers.

21.     Denies the truth of the allegations contained in paragraph "21" of the Counterclaim.

22.     Denies the truth of the allegations contained in paragraph "22" of the Counterclaim.

23.     Denies the truth of the allegations contained in paragraph "23" of the Counterclaim.

24.     Denies the truth of the allegations contained in paragraph "24" of the Counterclaim.

25.     Denies the truth of the allegations contained in paragraph "25" of the Counterclaim.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

26.     Repeats and re-alleges its answers to paragraphs "1" through "25" of the Counterclaim as if set forth at length herein.

27.     Denies the truth of the allegations contained in paragraph "27" of the Counterclaim.

28.     Denies the truth of the allegations contained in paragraph "28" of the Counterclaim.

29.     Denies the truth of the allegations contained in paragraph "29" of the Counterclaim.

30.     Denies the truth of the allegations contained in paragraph "30" of the Counterclaim.

31.     Denies the truth of the allegations contained in paragraph "31" of the Counterclaim.

## SECOND CLAIM FOR RELIEF
### (Unjust Enrichment)

32.     Repeats and re-alleges its answers to paragraphs "1" through "31" of the Counterclaim as if set forth at length herein.

33.     Denies the truth of the allegations contained in paragraph "33" of the Counterclaim.

34.     Denies the truth of the allegations contained in paragraph "34" of the Counterclaim.

35.     Denies the truth of the allegations contained in paragraph "35" of the Counterclaim.

36.     Denies the truth of the allegations contained in paragraph "36" of the Counterclaim.

### Affirmative Defenses

37.     ShiftPixy engaged in illegal and/or unlawful conduct and, as a result, has unclean hands, and thus its claims are barred.

38.     ShiftPixy's claims are barred by the doctrine of equitable estoppel.

39.     ShiftPixy's claims are barred by waiver.

40.     ShiftPixy's claims are barred by ShiftPixy's breach of contract.

41.     ShiftPixy's First Claim For Relief (Breach of Contract) fails to state a claim upon which relief can be granted.

42.     ShiftPixy's Second Claim For Relief (Unjust Enrichment) fails to state a claim upon which relief can be granted.

Dated:   New York, New York           Respectfully submitted,
         August 30, 2019

                                         SULLIVAN & WORCESTER LLP

                                         By: /s/ *David E. Danovitch*
                                            Peter R. Ginsberg
                                          David E. Danovitch
                                      1633 Broadway, 32nd Floor
                                      New York, New York 10019
                                      Telephone:  (212) 660-3000
                                      Facsimile:   (212) 660-3001
                                      prginsberg@sullivanlaw.com
                                      ddanovitch@sullivanlaw.com

                                      *Attorneys for Plaintiff*