UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| DOMINION CAPITAL LLC, | : | 19 Civ. 6704 (PGG) |
| Plaintiff and Counter-Defendant, | : | DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT |
| - against - | : | AND ITS AFFIRMATIVE DEFENSES TO CLAIMS FOR |
| SHIFTPIXY, INC., | : | RELIEF; COUNTER-PLAINTIFF'S COUNTERCLAIM |
| Defendant and Counter-Plaintiff. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant and counter-plaintiff ShiftPixy, Inc. ("ShiftPixy"), by its attorneys identified below, for its answer and affirmative defenses ("answer") to the first amended complaint and its claims for relief (the "Amended Complaint") of plaintiff and counter-defendant Dominion Capital LLC ("Dominion Capital") states as follows:

1.   Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Amended Complaint.

2.   Denies the truth of the allegations contained in paragraph "2" of the Amended Complaint.

3.   Denies the truth of the allegations contained in paragraph "3" of the Amended Complaint.

4.   Denies the truth of the allegations contained in paragraph "4" of the Amended Complaint.

5.   Denies the truth of the allegations contained in paragraph "5" of the Amended Complaint.

6. Denies the truth of the allegations contained in paragraph "6" of the Amended Complaint.

7. Denies the truth of the allegations contained in paragraph 7" of the Amended Complaint, and respectfully refers the Court to the instruments identified there for their full content and legal effect.

8. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Amended Complaint.

9. Admits the truth of the allegations contained in the first sentence of paragraph "9" of the Amended Complaint, and denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph "9" of the Amended Complaint.

10. Admits the truth of the allegations contained in paragraph "10" of the Amended Complaint.

11. Admits the truth of the allegations contained in paragraph "11" of the Amended Complaint.

12. Admits the truth of the allegations contained in paragraph "12" of the Amended Complaint.

13. Admits the truth of the allegations contained in paragraph "13" of the Amended Complaint.

14. Admits the truth of the allegations contained in paragraph "14" of the Amended Complaint.

15. Admits the truth of the allegations contained in paragraph "15" of the Amended Complaint.

16. Admits the truth of the allegations contained in paragraph "16" of the Amended Complaint.

17. Denies the truth of the allegations contained in paragraph "17" of the Amended Complaint.

18. Admits the truth of the allegations contained in paragraph "18" of the Amended Complaint.

19. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Amended Complaint.

20. Denies the truth of the allegations contained in paragraph "20" of the Amended Complaint, and respectfully refers the Court to the provisions of the instruments identified for their full content and legal effect.

21. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Amended Complaint.

22. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Amended Complaint.

23. Admits the truth of the allegations contained in paragraph "23" of the Amended Complaint.

24. Admits the truth of the allegations contained in paragraph "24" of the Amended Complaint.

25. Admits the truth of the allegations contained in paragraph "25" of the Amended Complaint.

26. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Amended Complaint.

27. Admits the truth of the allegations contained in paragraph "27" of the Amended Complaint.

28. Admits the truth of the allegations contained in paragraph "28" of the Amended Complaint.

29. Admits the truth of the allegations contained in paragraph "29" of the Amended Complaint.

30. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of the Amended Complaint.

31. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the Amended Complaint.

32. Admits the truth of the allegations contained in paragraph "32" of the Amended Complaint.

33. Denies the truth of the allegations contained in paragraph "33" of the Amended Complaint.

34. Admits the truth of the allegations contained in paragraph "34" of the Amended Complaint.

35. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of the Amended Complaint.

36. Admits the truth of the allegations contained in paragraph "36" of the Amended Complaint.

37. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "37" of the Amended Complaint.

38. Admits the truth of the allegations contained in paragraph "38" of the Amended Complaint.

39. Admits the truth of the allegations contained in paragraph "39" of the Amended Complaint.

40. Admits the truth of the allegations contained in paragraph "40" of the Amended Complaint.

41. Denies the truth of the allegations contained in paragraph "41" of the Amended Complaint.

42. Denies the truth of the allegations contained in paragraph "42" of the Amended Complaint.

43. Admits the truth of the allegations contained in paragraph "43" of the Amended Complaint.

44. Admits the truth of the allegations contained in paragraph "44" of the Amended Complaint.

45. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "45" of the Amended Complaint.

46. Denies the truth of the allegations contained in paragraph "46" of the Amended Complaint.

47. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "47" of the Amended Complaint.

48. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "48" of the Amended Complaint.

49. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "49" of the Amended Complaint.

50. Denies the truth of the allegations contained in paragraph "50" of the Amended Complaint.

51. Admits that Absher made the statement alleged in paragraph "51" of the Amended Complaint.

52. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "52" of the Amended Complaint.

53. Denies the truth of the allegations contained in paragraph "53" of the Amended Complaint.

54. Denies the truth of the allegations contained in paragraph "54" of the Amended Complaint.

55. Admits the truth of the allegations contained in paragraph "55" of the Amended Complaint.

56. Denies the truth of the allegations contained in paragraph "56" of the Amended Complaint.

57. Admits the truth of the allegations contained in paragraph "57" of the Amended Complaint.

58. Admits the truth of the allegations contained in paragraph "58" of the Amended Complaint.

59. Admits the truth of the allegations contained in paragraph "59" of the Amended Complaint.

60. Denies the truth of the allegations contained in paragraph "60" of the Amended Complaint.

61. Denies the truth of the allegations contained in paragraph "61" of the Amended Complaint.

62. Denies the truth of the allegations contained in paragraph "62" of the Amended Complaint.

63. Denies the truth of the allegations contained in paragraph "63" of the Amended Complaint.

64. Repeats and realleges its answers to paragraphs "1" through "63" of the Amended Complaint as if fully set forth at length herein as paragraph "64" of this answer.

65. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "65" of the Amended Complaint.

66. Denies the truth of the allegations contained in paragraph "66" of the Amended Complaint.

67. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "67" of the Amended Complaint.

68. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "68" of the Amended Complaint.

69. Denies the truth of the allegations contained in paragraph "69" of the Amended Complaint.

70. Denies the truth of the allegations contained in paragraph "70" of the Amended Complaint.

71. Denies the truth of the allegations contained in paragraph "71" of the Amended Complaint.

72. Denies the truth of the allegations contained in paragraph "72" of the Amended Complaint.

73. Repeats and realleges its answers to paragraphs "1" through "72" of the Amended Complaint as if fully set forth at length herein as paragraph "73" of this answer.

74. Denies the truth of the allegations contained in paragraph "74" of the Amended Complaint, and respectfully refers the Court to the press release identified in that paragraph for its full content and legal effect.

75. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "75" of the Amended Complaint.

76. Denies the truth of the allegations contained in paragraph "76" of the Amended Complaint.

77. Denies the truth of the allegations contained in paragraph "77" of the Amended Complaint.

78. Denies the truth of the allegations contained in paragraph "78" of the Amended Complaint, and respectfully refers the Court to the cited instrument for its full content and legal effect.

79. Denies the truth of the allegations contained in paragraph "79" of the Amended Complaint.

80. Denies the truth of the allegations contained in paragraph "80" of the Amended Complaint.

81. Repeats and realleges its answers to paragraphs "1" through "80" of the Amended Complaint as if fully set forth at length herein as paragraph "81" of this answer.

82. Denies the truth of the allegations contained in paragraph "82" of the Amended Complaint, and respectfully refers the Court to the cited instrument for its full content and legal effect.

83. Denies the truth of the allegations contained in paragraph "83" of the Amended Complaint.

84. Denies the truth of the allegations contained in paragraph "84" of the Amended Complaint.

85. Repeats and realleges its answers to paragraphs "1" through "84" of the Amended Complaint as if fully set forth at length herein as paragraph "85" of this answer.

86. Denies the truth of the allegations contained in paragraph "86" of the Amended Complaint, and respectfully refers the Court to the cited instrument for its full content and legal effect.

87. Denies the truth of the allegations contained in paragraph "87" of the Amended Complaint.

88. Denies the truth of the allegations contained in paragraph "88" of the Amended Complaint.

89. Repeats and realleges its answers to paragraphs "1" through "88" of the Amended Complaint as if fully set forth at length herein as paragraph "89" of this answer.

90. In answer to paragraph "90" of the Amended Complaint, admits that the text of the cited instrument is quoted accurately.

91. In answer to paragraph "91" of the Amended Complaint, admits that the text of the cited instrument is quoted accurately.

92. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "92" of the Amended Complaint.

93. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "93" of the Amended Complaint.

**Affirmative Defenses**

94. Injunctive relief sought by Dominion Capital is barred by the doctrine of unclean hands.

95. To the extent Dominion Capital engaged in illegal conduct, its claims are barred.

96. To the extent Dominion Capital engaged in fraud, its claims are barred.

97. Dominion Capital's claims are barred by payment.

98. Dominion Capital's claims are barred by failure of consideration.

**ShiftPixy's Response to Dominion Capital's Demand for Jury Trial**

ShiftPixy objects to Dominion Capital's jury trial demand, as the parties contractually waived any right to a jury trial, and reserves the right to move to strike the demand as and when necessary.

## COUNTERCLAIM

As and for its counterclaim against plaintiff and counter-defendant Dominion Capital LLC ("Dominion Capital"), defendant and counter-plaintiff ShiftPixy, Inc. ("ShiftPixy") alleges:

### Jurisdiction

1. The subject matter jurisdiction of this Court over this counterclaim rests upon 28 U.S.C. § 1331(a)(2) in that Dominion Capital is a citizen of the States of Connecticut and New York whose members are citizens of States other than Wyoming or California or of a foreign state, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, all as hereinafter more fully appears.  The subject matter jurisdiction of this Court also rests on 28 U.S.C. § 1367(c), in that the claims asserted in this counterclaim are so related to the claims asserted in this action by Dominion Capital in the Amended Complaint that they form part of the same case or controversy under Article III of the United States Constitution, all as hereinafter more fully appears.

### Parties

2. ShiftPixy is a corporation duly organized and existing under the laws of the State of Wyoming and having its principal place of business in Irvine, California.

3. Dominion Capital is a Connecticut limited liability company with its principal place of business in New York, New York.  The sole member of Dominion Capital is Dominion Capital Capital Holdings, LLC, a Delaware limited liability company.  Upon information and belief, the members of Dominion Capital Capital Holdings, LLC are domiciled in or citizens of the States of New York, Connecticut, Florida, Delaware, Georgia, and Virginia, and of the Republic of Seychelles.

**Factual Allegations Common to All Claims for Relief of the Counterclaim**

4. ShiftPixy is an early stage technology-based specialized staffing and human capital management service provider that offers solutions for large contingent part-time workforce demands, primarily in the restaurant, hospitality and maintenance service trades.

5. ShiftPixy is a publicly-held company; ShiftPixy's shares are listed and trade on the NASDAQ stock exchange.

6. In June 2018 ShiftPixy sold a senior secured convertible note to Dominion Capital in the principal amount of $2,250,000 (the "June 2018 Note") with an issuance date of June 4, 2018.

7. As a result of certain technical defaults under the June 2018 Note, ShiftPixy entered into an agreement with Dominion Capital pursuant to which ShiftPixy issued to it an 8% senior secured convertible note in the principal amount of $222,222.22 (the "December 2018 Note"). The December 2018 Note has identical terms to the June 2018 Note.

8. In March 2019 ShiftPixy sold a senior secured convertible note to Dominion Capital in the principal amount of $633,333.33 (the "March 2019 Note"). (The June 2018 Note, December 18 Note, and the March 2019 Note are each individually referred to here as a Note and together are referred to as the "Notes.")

9. The Notes were purchased at a price discounted to its principal amount. In the case of the June 2018 Note, the discounted amount was $2,250,000. In the case of the March 2019 Note, the discounted amount was $500,000.

10. The June 2018 Note matures September 4, 2019 and the March 2019 Note matures September 21, 2020.

11.     The June 2018 Note bears interest at the rate of 8% (eight percent) per annum.

12.     The March 2019 Note does not bear interest by reason of the magnitude of the discount in its purchase price.

13.     At the time it sold the Notes to Dominion Capital, and on identical terms, ShiftPixy also sold senior secured convertible notes to other investors, to wit, CVI Investments, Inc.; Alpha Capital Anstalt; MEF I, L.P.; and Osher Capital Partners, LLC, and with respect to the June 2018 Note, to one other investor.

14.     The aggregate initial principal balance under the June 2018 Notes (to all investors including Dominion Capital) was $10,000,000.

15.     The aggregate initial principal balance under the December 2018 Notes (to all investors including Dominion Capital) was $888,888.88.

16.     Generally, the unpaid principal amount of a Note, together with accrued interest (and an additional amount called a "Make Whole Amount"), was convertible, on demand of the noteholder, into common shares of ShiftPixy at a price calculated under the express terms and conditions thereof (the "conversion price").

17.     Under the June 2018 Note, the conversion price is $2.49.  That conversion price is subject to adjustment from and after the maturity date of the Note, September 4, 2019.

18.     Under the March 2019 Note, the conversion price is $1.67, subject to adjustment as provided in the Note.

19.     Dominion Capital has made a series of conversion demands under the June 2018 Note.

20. With respect to each such demand, Dominion Capital demanded issuance by ShiftPixy of what was represented by Dominion Capital to be the number of shares to which it was entitled under the Note.

21. In each such case, Dominion Capital made the demand using a conversion price that it purportedly had derived from the terms and conditions of the Note but that was not applicable at the date of the demand, and was only applicable after the maturity date of the Note.

22. In response to Dominion Capital's conversion demands, ShiftPixy issued and delivered to Dominion Capital the number of common shares it had demanded. That number of shares was in excess of the number of shares to which Dominion Capital was entitled and that ShiftPixy was obligated to issue to it.

23. ShiftPixy only recently discovered that Dominion Capital had used the wrong conversion price in making its demands.

24. In order to account for the issuance of these excess shares, ShiftPixy was required to incur professional fees and related sums.

25. ShiftPixy was injured by the issuance and delivery of these excess shares in an amount to be proven herein. Its damages are no less than the sum of $693,066.22.

### FIRST CLAIM FOR RELIEF
**(Breach of Contract)**

26. Counter-plaintiff ShiftPixy repeats and realleges each allegation contained in paragraphs "1" through "25" of its counterclaim as if fully set forth at length herein as paragraph "26" hereof.

27. Dominion Capital received shares pursuant to its improper demands that it should not have received in conformity with the June 2018 Note.

28. Dominion Capital has sold the ShiftPixy shares it received from its improper and extra-contractual demands on the public market, and has received therefor an amount currently unknown to ShiftPixy, but believed to exceed more than a million dollars.

29. By reason of the foregoing, Dominion Capital has breached the terms and conditions of the June 2018 Note.

30. ShiftPixy is entitled to recover its damages resulting from that breach, which are believed to be in the amount of $693,066.22.

31. ShiftPixy's damages are a set-off as against any money damages Dominion Capital seeks in this action, and accordingly reduce those damages if its damages are less than Dominion Capital's damages; to the extent ShiftPixy's damages exceed the damages amounts Dominion Capital has sought in or has received pursuant to this action, or exceed the amounts ShiftPixy was required to repay under the Notes and has in fact repaid, whether by payment of cash or issuance and delivery of its common shares, Dominion Capital must pay ShiftPixy that excess amount.

### SECOND CLAIM FOR RELIEF
### (Unjust Enrichment)

32. Counter-plaintiff ShiftPixy repeats and realleges each allegation contained in paragraphs "1" through "31" of its counterclaim as if fully set forth at length herein as paragraph "32" hereof.

33. By reason of the foregoing, Dominion Capital has been enriched in a sum equal to the share price of the excess shares issued and transferred as of the date of delivery thereof.

34. This enrichment was at ShiftPixy's expense.

35. Equity and good conscience militate against permitting Dominion Capital to retain this enrichment.

36. ShiftPixy is entitled to recover the amount of this enrichment from Dominion Capital.

WHEREFORE, counter-plaintiff ShiftPixy demands judgment (a) against counter-defendant Dominion Capital on its claims dismissing such claims, assessing ShiftPixy's attorney's fees and costs and disbursements incurred in connection with such claims and this action against Dominion Capital as provided in the Notes, and awarding it such other and further relief which the Court may deem just and proper in the circumstances, and (b) on ShiftPixy's counterclaims awarding it damages in such amount as may be proven in this action, together with pre- and post-judgment interest, the costs and disbursements of this action, ShiftPixy's attorney's fees and costs incurred in connection with this action as provided in the Notes, and awarding it such other and further relief which the Court may deem just and proper in the circumstances.

Dated: Cornwall-on-Hudson, New York
September 23, 2019

| | |
|---|---|
| KARLINSKY LLC | FITZGERALD YAP KREDITOR LLP |
| 103 Mountain Road | 2 Park Plaza, Suite 850 |
| Cornwall-on-Hudson, New York 12520 | Irvine, California 92614 |
| (646) 437-1430 | (949) 788-8900 |
| Martin E. Karlinsky, Esq. | Michael J. Fitzgerald, Esq. |
| Bonnie H. Walker, Esq. | John C. Clough, Esq. |
| | |
| martin.karlinsky@karlinskyllc.com | mfitzgerald@fyklaw.com |
| bonnie.walker@karlinskyllc.com | jclough@fyklaw.com |

*Attorneys for Defendant and Counter-Plaintiff ShiftPixy, Inc.*