# EXHIBIT 25

ShiftPixy®

## Minutes of a
## Regular Meeting of the
## Board of Directors of
## ShiftPixy, Inc., a Wyoming Corporation

### July 9, 2019

A Regular Meeting of the Board of Directors of ShiftPixy, Inc., was held on July 9, 2019, at 11:00 a.m. Pacific Time at the corporation's principal offices, located at 1 Venture, Suite 150, Irvine, CA 92618.[1] The meeting was conducted as a teleconference meeting.[2] An agenda for the meeting and financial materials were made available to the members of the Board in advance of the meeting

The following directors were present at the meeting, waiving notice of the meeting through participation:[3] Scott W. Absher, Kenneth W. Weaver, Whitney White, and Sean Higgins. It was determined that the number of persons in attendance, as a "majority of the Directors currently holding office," constituted a quorum of the Board for purposes of voting at the meeting.[4]

Scott Absher, the Company's Chairman of the Board, presided as Chairman of the meeting, and Kirk Flagg, Secretary of the Company, was appointed to record the minutes as Secretary of the meeting. Patrice Launay, the Company's CFO, was invited to attend the meeting and provide reports and information as necessary.

### Minutes of Prior Meeting

---

1 Article III, Section 4 of the Bylaws; see also Section 17-16-820 of the Wyoming Business Corporation Act.

2 Article III, Section 8 of the Bylaws; see also Section 17-16-820(b) of the Wyoming Business Corporation Act.

3 Article III, Section 5 of the Bylaws; see also Section 17-16-823(b) of the Wyoming Business Corporation Act.

4 Article III, Section 6 of the Bylaws; see also Section 17-16-824(a) of the Wyoming Business Corporation Act; note that per Section 17-16-824(c), "[i]f a quorum is present when a vote is taken, the affirmative vote of a majority of directors present is the act of the board of directors unless the articles of incorporation or bylaws require the vote of a greater number of directors;" see also Article III, Section 7 of the Bylaws.

ShiftPixy®

Minutes of the Annual Meeting of March 8, 2019 were approved by the Board Members prior to the meeting.

## Minutes of Regular Meeting

Following initial pleasantries, the Chairman called the meeting to order at 11:06 a.m. Pacific Time and welcomed all attendees.

### Reports

The Chairman noted that the purpose of the meeting was to conduct a quarterly review of the status of the Company, having concluded its most recent fiscal quarter on May 31, 2019, and to consider matters and issues associated with, among other things, the draft quarterly report to be filed on July 15, 2019. Whereupon, Mr. Launay provided a report regarding the status of closing the quarter, Fiscal Q3 FYE May 31, 2019. Mr. Launay provided some high-level financial information to the Board Members including the topics of cash on hand and cash burn rate; a break even analysis and; events unique to the quarter. The Board Members asked several questions concerning liquidity, workers compensation, burn rate and convertible notes, which Mr. Launay explained to the Board Members' satisfaction.

It was also noted that Mr. Launay is available to address the Audit Committee meeting later as necessary to provide any additional detail regarding the status of accounting controls and that the Audit Committee would be meeting with the auditors at the end of the week.

The Chairman reported on the investment banking status noting that our current situation was due, in part, to mishandling by our bankers. The convertible notes and the noteholders have put ShiftPixy in a difficult position with respect to our shareholders. The noteholders have acted to push the stock lower and it was necessary to refuse to honor additional conversions. The Company was making progress with the renegotiation of the notes. Alpha Capital, one of the noteholders,

ShiftPixy®

recently filed a Motion to Show Cause trying to force the Company to honor the conversion notices. The Board asked questions as to new investment banking relationship, which the Chairman acknowledged, and which has the added benefit of providing analyst coverage for the Company. The Chairman noted that several options were available to the company, but that it appeared to be the best course to remain a public company and weather the next several months. The Board discussed the Alpha Capital litigation and acknowledged that this action was proper to protect the rights of shareholders, noting that the stock had been up 40% since the Company quit honoring the conversions. The Chairman outlined the strategic plan for the next six months including the stock buy back resolution that was to be voted on at this meeting. The Board members noted that the overall six-month plan had a good chance of success.

The Chairman discussed the outstanding litigation with Kadima and their attempts to delay the process. Mr. Flagg explained that the D&O insurance had been renewed at a 21% increased premium and noted that it was likely that the Company would see a much larger increase in the future. The Chairman finished the report section of the meeting discussing the sales pipeline and the technology status. One of the challenges is to get clients to change their way of thinking and set up new habits. The Company was in the process of establishing a new Technology/Implementation position to help train clients and help the adaptation process.

The Chairman next directed the Board Members to a resolution that had been circulated prior to the meeting and was discussed earlier in the meeting:

### Authorization of ShiftPixy, Inc. Stock Repurchase Plan

**WHEREAS**, on June 6, 2019, the Company received two letters from the staff of the Listing Qualification Department of the NASDAQ Stock Market LLC, which notified the Company that:

> (1) for the previous 30 consecutive business days, the bid price for the Company's common stock had closed below the minimum $1.00 per share requirement for continued listing on the NASDAQ Capital Market under NASDAQ's Listing Rule 5550(a)(2), which requires a minimum bid price of $1.00 per share and

ShiftPixy002646

(2) that it is no longer in compliance with the Minimum Market Value of Listed Securities of $35,000,000 requirement for continued listing on the NASDAQ Capital Market under NASDAQ's Listing Rule 5550(b)(2).

**WHEREAS**, according to the NASDAQ Listing Rule 5810(c)(3)(A) and 5810(c)(3)(C), if during the 180 calendar days following the date of the notifications, or prior to December 3, 2019, the closing bid price of the Company's common stock is at or above $1.00 and the Minimum Market Value of Listed Securities is at or above $35,000,000 for a minimum of ten consecutive business days, but generally no more than 20 consecutive business days, the Staff will provide the Company with written confirmation of compliance.

**WHEREAS**, Board deems it to be advisable and in the best interests of the Company and its stockholders to implement a stock repurchase plan of the Company (the "Stock Repurchase Plan"), pursuant to which shares of Common Stock may be repurchased from time to time;

**RESOLVED**, that the Company's CEO be authorized, directed and empowered, in the name and on behalf of the Company, to purchase from time to time on the open market, or in privately negotiated transactions or as otherwise as may be determined by the CEO up to an aggregate of 10 million shares of Common Stock, over a period of up to 18 months from the date hereof the public announcement of the Stock Repurchase Plan, such repurchases to be in the discretion of the CEO and on such terms, at such times, and in such amounts as the CEO may in his sole discretion determines to be appropriate; provided, that any such repurchase shall be consummated only to the extent it does not impair the Company's capital or affect the Company's ability to satisfy its liabilities as they come due in the ordinary course of business;

**RESOLVED**, that any repurchase pursuant to the Stock Repurchase Plan on the open market shall be conducted in accordance with Rules established by the Securities Exchange Act of 1934, as amended;

**RESOLVED**, that while the Board currently intends that the Company effect repurchases of shares of Common Stock pursuant to the Stock Repurchase Plan, the Company shall not be required to repurchase a minimum number of shares pursuant to the Stock Repurchase Plan, purchase shares of its common stock in open market transactions, including through one or more trading plans, and privately negotiated transactions. The number of shares repurchased and the timing of repurchases will depend on a number of factors, including, but not limited to, stock price, trading volume and general market conditions;

**RESOLVED**, that Board reserves the right to amend or terminate the Stock Repurchase Plan at any time;

**RESOLVED**, that the CEO is authorized, directed and empowered, in the name and on behalf of the Company, to prepare and cause to be filed in connection with the Stock Repurchase Plan, all forms, documents and other information required by the Securities Exchange Act and the rules and regulations promulgated by the Securities and Exchange Commission thereunder, including disclosure relating to the Stock Repurchase Plan in the Company's periodic and current reports filed under the Exchange Act;

**RESOLVED**, that the CEO of the Company be authorized, directed and empowered to take all such further actions, to execute, deliver and file all such further instruments and documents, and to do all such further things, in the name and on behalf of the Company and under its corporate seal or otherwise, and to pay all such fees, expenses and taxes, as the CEO's judgment may be necessary or advisable in order to carry out fully the intent and accomplish the purposes of the foregoing resolutions.

**RESOLVED**, that each act, action, agreement, document or instrument done, performed, made, executed or delivered by, in the name or on behalf of the Company prior to the date hereof in connection with the matters contemplated by the foregoing resolutions be, and each of the same hereby is, ratified, confirmed, authorized and approved.

ShiftPixy®

Having previously discussed the reasons for a Stock Buy Back, and after discussion, the Board unanimously approved the Resolution.

There being no further business, the meeting was adjourned at approximately 12:00 noon Pacific Time.

Kirk Flagg, Secretary
July 9, 2019

**IN WITNESS WHEREOF**, the Directors have set forth their signatures below, this action to be effective as of this 9th day of July 2019.

| Name | Signature |
|---|---|
| Scott W. Absher | [signature] |
| Kenneth W. Weaver | [signature] |
| Whitney J. White | Whitney J. White |
| Sean C. Higgins | [signature] |
| | |

**Directors**

# Signature Certificate

 Document Reference: VIKCS3JDYLTZ8IHJHD3CT5


RightSignature
Easy Online Document Signing



**Sean Higgins**
Party ID: A86WJZIAGLEERRVRERF7RU
IP Address: 74.14.69.113
VERIFIED EMAIL: sean@seanchiggins.com


Electronic Signature:
*SCHiggins*

Multi-Factor Digital Fingerprint Checksum: 3a4e181f931dae521b29f76c969d9ea7dfe067ca





**Whitney White**
Party ID: N8DDCYI5LJM6XAG4A4GDBT
IP Address: 38.98.37.137
VERIFIED EMAIL: whitneyjwhite@gmail.com


Electronic Signature:

Multi-Factor Digital Fingerprint Checksum: c69c898cd8177f8f2e97b479406ea89d423b0265





**Ken Weaver**
Party ID: SL7F92I2NLLGTS7DG9C8YT
IP Address: 174.225.141.216
VERIFIED EMAIL: kennethwweaver@gmail.com


Electronic Signature:

Multi-Factor Digital Fingerprint Checksum: 2dad578c8e155edac45226313b2b077ca3b4ceb6





**Scott Absher**
Party ID: HNWDEPJTT2IE5ZIM4TUFFH
IP Address: 108.194.233.143
VERIFIED EMAIL: scott.absher@shiftpixy.com


Electronic Signature:

Multi-Factor Digital Fingerprint Checksum: 77607395d7939d1db37ce7db2dd846a286b4f6f1





This signature page provides a record of the online activity executing this contract.

Page 1 of 2

# Signature Certificate

 **Document Reference:** VIKCS3JDYLTZ8IHJHD3CT5



| Timestamp | Audit |
|---|---|
| 2019-07-15 08:34:22 -0700 | All parties have signed document. Signed copies sent to: Sean Higgins, Whitney White, Ken Weaver, Scott Absher, and Kirk Flagg. |
| 2019-07-15 08:34:22 -0700 | Document signed by Sean Higgins (sean@seanchiggins.com) with drawn signature. - 74.14.69.113 |
| 2019-07-15 08:33:44 -0700 | Document viewed by Sean Higgins (sean@seanchiggins.com). - 74.14.69.113 |
| 2019-07-12 02:32:27 -0700 | Document signed by Whitney White (whitneyjwhite@gmail.com) with drawn signature. - 107.77.224.233 |
| 2019-07-12 01:55:07 -0700 | Document viewed by Whitney White (whitneyjwhite@gmail.com). - 38.98.37.137 |
| 2019-07-11 09:56:38 -0700 | Document signed by Scott Absher (scott.absher@shiftpixy.com) with drawn signature. - 108.194.233.143 |
| 2019-07-11 09:56:19 -0700 | Document viewed by Scott Absher (scott.absher@shiftpixy.com). - 108.194.233.143 |
| 2019-07-11 08:54:21 -0700 | Document signed by Ken Weaver (kennethwweaver@gmail.com) with drawn signature. - 174.225.141.216 |
| 2019-07-11 08:53:50 -0700 | Document viewed by Ken Weaver (kennethwweaver@gmail.com). - 174.225.141.216 |
| 2019-07-11 08:35:33 -0700 | Document created by Kirk Flagg (kirk.flagg@shiftpixy.com). - 12.10.60.250 |



This signature page provides a record of the online activity executing this contract.

ShiftPixy002650