UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------- X
                                                 :
Dominion Capital LLC,                            :
                                                 :    Case No. 19-cv-6704 (PGG)
                         Plaintiff,        :

               -against-                  :

ShiftPixy, Inc.,                                :

                         Defendant.     :
----------------------------------------------- X


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

SULLIVAN & WORCESTER LLP
Peter R. Ginsberg
David E. Danovitch
1633 Broadway, 32nd Floor
New York, NY 10019
Telephone:  (212) 660-3000
Facsimile:  (212) 660-3001
prginsberg@sullivanlaw.com
ddanovitch@sullivanlaw.com

*Attorneys for Plaintiff Dominion Capital LLC*

**PRELIMINARY STATEMENT**

Plaintiff Dominion Capital LLC ("Dominion Capital" or "Plaintiff"), by its undersigned counsel, submits this Reply Memorandum of Law in Further Support of its Motion for Summary Judgment (the "Motion").[1] Defendant ShiftPixy, Inc. ("ShiftPixy" or "Defendant") has seemingly conceded to the gravamen of Plaintiff's action. Further, its partial opposition — to only one of the pending Claims — is based upon a flawed procedural argument.[2] Finally, ShiftPixy's recent voluntary dismissal of its counterclaims is an implicit acknowledgement that that portion of its original pleadings also has no merit.[3]

In light of Defendant's lack of opposition to Plaintiff's breach of contract Claims (Claims III, IV and V of the First Amended Complaint), the Court should enter summary judgment in Dominion Capital's favor on those Claims. Summary judgment likewise should be entered on the remaining Claim for declaratory judgment for the reasons set forth below (Claim VI).[4]

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment.

[2] Per the Court's Order [Docket No. 25] and Individual Rule of Practice IV(C), Plaintiff served but did not file the Motion and supporting papers on Defendant on September 17, 2019. Both parties wrote letters to the Court on September 26 and 27 [Docket Nos. 29, 30 and 31], in part addressing the briefing schedule for Defendant's opposition to the Motion (the "Opposition") and Plaintiff's reply in further support of the Motion (the "Reply"). While the Court did not rule on extending the briefing schedule, Plaintiff agreed to Defendant's request to extend the schedule and has abided by that agreement.

[3] In response to a demand letter by Plaintiff that Defendant dismiss its unsupported counterclaims, the parties submitted a joint stipulation of voluntary dismissal of all of Defendant's counterclaims with prejudice on October 3, 2019 [Docket No. 32]. Due to clerical error, the parties re-submitted the stipulation as a proposed order on October 4, 2019 [Docket No. 33]. Thus, the portion of the Motion seeking summary judgment to dismiss Defendant's counterclaims is now moot.

[4] If the Court grants summary judgment on Claims III, IV and V, Plaintiff will seek an order requiring Defendant to deliver the shares demanded in this action, thereby obviating the need to litigate the injunctive relief claim seeking delivery of those shares, Claim I. Summary judgment on Claim VI will obviate the need to litigate the injunctive relief claim relating to the buyback, Claim II.

**ARGUMENT**

**I.     PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT ON ITS UNOPPOSED BREACH OF CONTRACT CLAIMS**

Plaintiff moved for summary judgment as to Claims III, IV and V of the First Amended Complaint, each for breach of one of the three Notes.  Defendant's Opposition does not address or dispute any of Plaintiff's breach of contract Claims.  Plaintiff therefore requests that summary judgment be granted as to these unopposed Claims.

**II.    PLAINTIFF IS ENTITLED TO A DECLARATION THAT SHIFTPIXY'S PROPOSED BUYBACK OF COMPANY SHARES WOULD VIOLATE SHIFTPIXY'S OBLIGATIONS TO DOMINION CAPITAL**

Defendant centers its opposition to declaratory judgment, Claim VI, on an argument that there is no "actual controversy" between the parties because, while its Board of Directors has authorized the buyback program, Defendant has not yet implemented the program.  Def. Opp. at 10-11.  This argument ignores that the buyback program is a process, and that the first required step, Board authorization, has been obtained and that the next logical step is buying back shares in violation of ShiftPixy's covenants in the Notes.  Defendant's representations to the Court, that it has no current intention to buy back shares and is currently under Court order to provide 30-days' notice before it conducts any such buy back while this case is pending, neither obviate the need to obtain a declaratory judgment that ShiftPixy had no right to have started the buyback process nor provide certainty once the case concludes.  Quite simply, ShiftPixy had no right to have commenced the process and, absent a Board resolution withdrawing the authorization, judicial intervention is needed to prevent this real and imminent threat to Dominion Capital's rights.

Indeed, Scott W. Absher, ShiftPixy's Chief Executive Officer, in his Declaration of Scott W. Absher in Opposition to Plaintiff's Motion for Summary Judgment, states that "ShiftPixy will

2

not commence share repurchases under the [buyback] program until it has determined that to do so would not violate negative covenants in the Notes, and would be in its and its shareholders' then-current interest." Absher Decl. ¶ 13. This statement reflects that ShiftPixy is uncertain whether the program would violate the terms, conditions and rights under the Notes. A declaratory judgment is precisely the tool required to provide clarification and to prevent prolonged litigation.

A declaratory judgment is proper where the judgment will (1) serve a useful purpose in clarifying or settling the legal issues involved and (2) finalize the controversy and offer relief from uncertainty. *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005). Absher's own declaration makes clear that there is uncertainty among the parties about whether the buyback violates the Notes, and a declaratory judgment would serve a useful purpose in settling that issue and avoiding the possible consequences as a result of ShiftPixy's apparent confusion about its rights and obligations.

Plaintiff therefore requests that summary judgment be entered on Claim VI and that the Court issue a judgment clarifying, affirming and declaring that ShiftPixy's proposed buyback would violate ShiftPixy's obligations and Dominion Capital's rights under the Notes.

## CONCLUSION

For the above reasons, Plaintiff respectfully requests the Court to enter an Order granting summary judgment in favor of Plaintiff on Claims III, IV, V and VI of its First Amended Complaint and to enter judgment declaring that ShiftPixy's execution of the stock buyback program would violate ShiftPixy's obligations to Dominion Capital under the Notes.

Dated:   New York, New York
　　　　 October 14, 2019

                                        Respectfully submitted,

                                        SULLIVAN & WORCESTER LLP

                                        By: /s/David E. Danovitch
                                              Peter R. Ginsberg
                                              David E. Danovitch
                                        1633 Broadway, 32nd Floor
                                        New York, NY 10019
                                        Telephone:  (212) 660-3000
                                        Facsimile:  (212) 660-3001
                                        prginsberg@sullivanlaw.com
                                        ddanovitch@sullivanlaw.com

                                        *Attorneys for Plaintiff Dominion Capital LLC*