UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x

DOMINION CAPITAL LLC,                          :

        Plaintiff,                           :     19 Civ. 6704 (PGG)

   - against -                                 :

SHIFTPIXY, INC.,                               :

        Defendant.                           :

------------------------------------- x

### RESPONSE OF DEFENDANT TO PLAINTIFF'S FED. R. CIV. P. RULE 56(c) and LOCAL RULE 56.1 STATEMENT

Defendant ShiftPixy, Inc. ("ShiftPixy") submits this response to plaintiff Dominion Capital LLC's ("Dominion") Fed. R. Civ. P. Rule 56(c) and Local Rule 56.1 statement in support of its motion for summary judgment.

    1.    Admitted for purposes of the motion.

    2.    Admitted for purposes of the motion.

    3.    Admitted for purposes of the motion.

    4.    Admitted for purposes of the motion.

    5.    Admitted for purposes of the motion.

    6.    Admitted for purposes of the motion.

    7.    Admitted for purposes of the motion.

    8.    Admitted for purposes of the motion

    9.    Admitted for purposes of the motion.

    10.    Admitted for purposes of the motion.

    11.    Admitted for purposes of the motion.

12. Admitted for purposes of the motion.

13. Admitted for purposes of the motion.

14. Admitted for purposes of the motion.

15. Admitted for purposes of the motion.

16. Admitted for purposes of the motion.

17. Admitted for purposes of the motion.

18. Admitted for purposes of the motion.

19. Admitted for purposes of the motion.

20. Admitted for purposes of the motion.

21. Admitted for purposes of the motion.

22. Admitted for purposes of the motion.

23. Admitted for purposes of the motion.

24. Admitted for purposes of the motion.

25. Admitted for purposes of the motion.

26. Admitted for purposes of the motion.

27. Admitted for purposes of the motion.

28. Admitted for purposes of the motion.

29. Admitted for purposes of the motion.

30. Admitted for purposes of the motion.

31. Admitted for purposes of the motion.

32. Admitted for purposes of the motion.

33. Admitted for purposes of the motion.

34. Admitted for purposes of the motion.

35. Admitted for purposes of the motion.

36. Admitted for purposes of the motion.

37. Admitted for purposes of the motion.

38. Admitted for purposes of the motion.

39. Admitted for purposes of the motion.

40. Admitted for purposes of the motion.

41. Admitted for purposes of the motion.

42. Admitted for purposes of the motion.

43. Admitted for purposes of the motion.

44. Admitted for purposes of the motion.

45. Admitted for purposes of the motion.

46. Admitted for purposes of the motion.

47. Admitted for purposes of the motion.

48. Admitted for purposes of the motion.

49. Admitted for purposes of the motion.

50. Admitted for purposes of the motion.

51. Admitted for purposes of the motion.

52. Admitted for purposes of the motion.

53. Admitted for purposes of the motion.

54. Admitted for purposes of the motion.

55. Admitted for purposes of the motion.

56. Admitted for purposes of the motion.

57. Admitted for purposes of the motion.

58. Admitted for purposes of the motion.

59. Admitted for purposes of the motion.

60. Admitted for purposes of the motion.

61. Admitted for purposes of the motion.

62. Admitted for purposes of the motion.

63. Admitted for purposes of the motion.

64. Denied.  At the time of pleading its counterclaims, it was not apparent to ShiftPixy that the counterclaims lacked substantial merit.  ShiftPixy pleaded the counterclaims based on conclusions that had been reached by its then-chief financial officer and outside auditors.  The outside auditors had by that time required that ShiftPixy restate financial results by taking a non-cash charge to earnings in the range of $3 million to account for what the auditors had determined to be issuance to Dominion and other noteholders of excessive numbers of conversion shares.

65. If the implication of this factual assertion is that ShiftPixy had no basis for its now-dismissed counterclaims, the assertion is denied.  The testimony of ShiftPixy's chief executive, taken as a whole, indicates simply that he was not involved in the preparation of the counterclaims, had not read them, and therefore could not testify to it.  The implication that might be drawn from this is that another officer of the company was the responsible person.

66. Denied.  ShiftPixy pleaded affirmative defenses in its answer in order to preserve them until such time as it could determine it either had or did not have a factual or legal basis on which to plead them.

67. Admitted for purposes of the motion.

68. Admitted for purposes of the motion.

## SHIFTPIXY'S COUNTERSTATEMENT OF DISPUTED
## MATERIAL FACTS CONCERNING STOCK BUYBACK PROGRAM

1. Until June 2019, ShiftPixy honored a series of conversion demands under the Notes[1] from Dominion and the other noteholders. Each of the noteholders, including Dominion, immediately sold their converted shares in the open market. (Absher Decl. ¶ 6.)

2. In the spring of 2019, short interest in ShiftPixy's stock increased markedly, apparently caused or affected by the noteholders' wholesale bailing themselves out of their conversion stock positions. (*Id.* ¶ 6.)

3. The conversions and immediate sales of converted stock, as well as the short sales, raised the possibility that ShiftPixy's stock would enter a "death spiral," threatening to erode shareholder value as well as making it difficult to obtain needed financing. (*Id.* ¶ 6.)

4. The effect of the issuance and sale of the conversion shares because of selling pressure created by the additional stock flooding the market was to depress the market price of ShiftPixy's shares. From a high of roughly $5.37 in July 2018, that price declined to below $0.50 by July 2019. *Id.* ¶ 7.*)*

5. In part because ShiftPixy stopped honoring conversion demands in June 2019, the stock price has since rebounded, recovering from a low of $0.376 as of June 12, 2019 to $0.67 as of July 16, 2019 and climbing as high as $0.733 on July 12, 2019. (The stock closed at $0.47 as of Friday, September 27, 2019.) (*Id.* ¶ 7.)

---

[1] Capitalized terms have the meaning assigned to them in ShiftPixy's memorandum in opposition to the motion for summary judgment.

6. In 2019, ShiftPixy filed and issued a series of reports reflecting a solid business and good operating results, an increasing level of revenues, and declining losses. (*Id.* ¶ 8.)

7. Beginning in June 2019, ShiftPixy declined to honor conversion demands made by noteholders, Dominion among them. (*Id.* ¶ 15.)

8. On June 6, 2019, after its share price had declined to and remained below $1.00, the NASDAQ capital markets exchange, ShiftPixy's principal exchange and regulator, issued a de-listing notice to ShiftPixy. The notice indicated that if ShiftPixy's share price and other listing requirements had not been satisfied by December 3, 2019 (extendible to mid-2020), ShiftPixy's shares would be de-listed. (*Id.* ¶ 9.)

9. On July 9, 2019, ShiftPixy's board of directors met for the purpose, among others, of considering efforts that might be taken by the company to restore its share price to an acceptable level. Advised by its investment bankers and its investor relations firm, the board authorized a stock buyback program, a program designed in part to increase and restore its share price. (*Id.* ¶ 10.)

10. The stock buyback program was also intended to address the notice of potential delisting from the NASDAQ. (*Id.* ¶ 10.)

11. ShiftPixy will not commence share repurchases under the program until it has determined that to do so would not violate negative covenants in the Notes, and would be in its and its shareholders' then-current interest. (*Id.* ¶¶ 13-14.)

12. For purposes of this litigation and to observe the restriction contained in the Notes relating to repurchase of its shares, ShiftPixy represented to the Court (and to Dominion) that if it determined at any time to redeem shares, it would notify both the Court and

Dominion, providing at least thirty (30) days' notice of intention to do so.  (*Dominion Capital LLC v. ShiftPixy, Inc.*, 19-cv-6704 (PGG), Dkt. # 21 at 17.)  (Absher Decl. ¶¶ 13-14.)

Dated: Cornwall-on-Hudson, New York
       October 8, 2019

                KARLINSKY LLC

                By: /s/ Martin E. Karlinsky
                     Martin E. Karlinsky, Esq.
                     Bonnie H. Walker, Esq.
                103 Mountain Road
                Cornwall-on-Hudson, New York 12520
                (646) 437-1430
                martin.karlinsky@karlinskyllc.com
                bonnie.walker@karlinskyllc.com

                FITZGERALD YAP KREDITOR LLP
                Michael J. Fitzgerald, Esq.[2]
                John C. Clough, Esq.
                2 Park Plaza, Suite 850
                Irvine, California 92614
                (949) 788-8900

                *Attorneys for Defendant and Counter-Plaintiff ShiftPixy, Inc.*

---

[2] Messrs. Fitzgerald and Clough filed applications for *pro hac vice* admission on July 31, 2019.  They are pending subject to correction.