UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DOMINION CAPITAL LLC,

        Plaintiff,

   v.

SHIFTPIXY, INC.,

        Defendant.

**ORDER**

19 Civ. 6704 (PGG)

---

PAUL G. GARDEPHE, U.S.D.J.:

   On October 14, 2019, Plaintiff Dominion Capital LLC moved for summary judgment in this breach of contract action against Defendant Shiftpixy, Inc. (Dkt. No. 34) On October 22, 2019, this Court referred Plaintiff's motion to Magistrate Judge Robert Lehrburger for a Report and Recommendation ("R&R"). (Dkt. No. 45) Judge Lehrburger submitted his R&R on November 22, 2019. (R&R (Dkt. No. 46)) For the reasons stated below, the R&R is adopted in its entirety.

## BACKGROUND

### I. FACTS

   Plaintiff is a Connecticut limited liability company with its principal place of business in New York. (Am. Cmplt. (Dkt. No. 23) ¶ 9) Its members are domiciled in New York, Connecticut, Florida, Delaware, Georgia, Virginia, and the Republic of Seychelles. (Id.) Defendant is a Wyoming corporation with its principal place of business in California. (Id. ¶ 10)

   Plaintiff purchased three notes from Dominion: (1) a June 4, 2018 Note with a face value of $2.5 million and a warrant to purchase 251,004 shares of Defendant's common stock (the "June 2018 Note"), pursuant to a securities purchase agreement of that same date; (2)

a December 20, 2018 Note in the principal amount of $222,222.22, pursuant to a settlement agreement for defaults under the June 2018 Note; and (3) a March 11, 2019 Note with a face value of $633,333.33 and a warrant to purchase 378,788 shares of Defendant's common stock (the "March 2019 Note"), pursuant to a securities purchase agreement of that same date. (Pltf. R. 56.1 Stmt. (Dkt. No. 35) ¶¶ 1-7) The June 2018 and March 2019 Notes allow Plaintiff to convert the Notes into shares of common stock at a specified price. (Id. ¶¶ 13-14, 27) The Notes also prohibit Defendant from repurchasing "more than a de minimis number of shares of its Common Stock," or alternatively, "any of its capital stock." (Id. ¶¶ 16, 20, 29)

On November 29, 2018, March 15, 2019, April 3, 2019, and May 30, 2019, Plaintiff submitted conversion requests, which Defendant honored. (Id. ¶¶ 32-33, 40-47) Defendant also made a number of amortization payments to Plaintiff during this time period, by way of stock in lieu of cash. (Id. ¶¶ 34-39) On June 3, 2019, however, Defendant failed to make a scheduled amortization payment under the June 2018 Note (id. ¶¶ 48-50), and on June 25, 2019, Plaintiff submitted another conversion request, which Defendant refused to honor. (Id. ¶¶ 51-52) On July 5, 2019, Plaintiff requested the conversion of the remaining value of the March 2019 Note, which Defendant refused to honor. (Id. ¶¶ 59-61)

In a June 27, 2019 Form 8-K filing, Defendant announced that it would no longer honor conversions of any senior convertible note, including the June 2018 and March 2019 Notes. (Id. ¶ 56) The Form 8-K states that "[t]he Company has informed its convertible note holders that it will cease honoring conversion requests of the 2018 Notes and 2019 Notes forcing a voluntary default of these instruments . . . ." (Id.) Moreover, on July 12, 2019, Defendant announced a plan to repurchase up to 10 million shares of its common stock over a period of 18 months (the "Buyback"). (Id. ¶¶ 62-63)

## II. PROCEDURAL HISTORY

The Complaint was filed on July 18, 2019, and alleged a breach of contract claim. (Cmplt. (Dkt. No. 1))  In the Complaint, Plaintiff moved for a preliminary and permanent injunction (1) directing Defendant to deliver 1,600,496 shares of its common stock to Plaintiff, in satisfaction of the June 25, 2019 and July 5, 2019 conversion requests, and (2) enjoining Defendant from pursuing its proposed buyback of ten million shares of its common stock. (Cmplt. (Dkt. No. 1) at 20; Order to Show Cause (Dkt. No. 4))[1]  On August 12, 2019, this Court denied Plaintiff's motion for a preliminary injunction.  (Dkt. No. 19)

The Amended Complaint was filed on August 23, 2019, and seeks the injunctive relief described above, along with money damages for breach of contract under the Notes.  (Am. Cmplt. (Dkt. No. 23))  The Amended Complaint also seeks a declaratory judgment "clarifying, affirming and declaring that (1) [Plaintiff] received the Notes in exchange for good and valuable consideration and that [Plaintiff] has the right to demand and receive common stock and payments due and owing under the Notes; (2) [Defendant] violated its duties and obligations to act in accordance with the Notes; (3) [Defendant] is in default under the Notes; and (4) the proposed buyback in the July 12, 2019 press release is in violation of [Defendant]'s obligations to [Plaintiff] under the Notes."  (Id. at 20)

On September 23, 2019, Defendant filed counterclaims for breach of contract and unjust enrichment in connection with Plaintiff's alleged receipt and subsequent sale of Defendant's shares.  (Dkt. No. 28)  On October 4, 2019, the parties stipulated to the dismissal of

---

[1] The page numbers of documents referenced in this Order correspond to the page numbers designated by this District's Electronic Case Filing system.

Defendant's counterclaims, which this Court so-ordered on December 23, 2019. (Dkt. Nos. 33, 49)

On October 14, 2019, Plaintiff moved for summary judgment on its claim for breach of contract and its request for a declaratory judgment.[2] (Dkt. No. 34) On October 22, 2019, this Court referred Plaintiff's motion to Magistrate Judge Lehrburger for an R&R. (Dkt. No. 45)

On November 22, 2019, Judge Lehrburger issued a thorough 15-page R&R, which recommends that Plaintiff's motion for summary judgment be granted. (R&R (Dkt. No. 46)

Neither side has filed objections to the R&R.

## STANDARD OF REVIEW

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When no objections are filed to a magistrate judge's report and recommendation, "a district court need only satisfy itself that there is no 'clear error on the face of the record' in order to accept the recommendation." Austin v. Lynch, No. 10 Civ. 7534, 2011 WL 6399622, at *1 (S.D.N.Y. Dec. 20, 2011) (citing Fed. R. Civ. P. 72(b) advisory committee note). Moreover, the Second Circuit has made clear that a "party generally

---

[2] In its summary judgment motion, Plaintiff does not seek a ruling on its request for injunctive relief. Plaintiff states that "[i]f the Court grants summary judgment on [its breach of contract claims], [it] will seek an order requiring Defendant to deliver the shares demanded in this action, thereby obviating the need to litigate the injunctive relief claim seeking delivery of those shares, Claim I. Summary judgment on [the request for a declaratory judgment] will obviate the need to litigate the injunctive relief claim relating to the buyback, Claim II." (Pltf. Reply Br. (Dkt. No. 39) at 2 n.4)

4

waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

## **DISCUSSION**

Here, the R&R recites the requirement that the parties must file objections within fourteen days of service, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, and that a "[f]ailure to file timely objections will preclude appellate review." (R&R (Dkt. No. 46) at 15; see also 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy [of a magistrate judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations"); Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."))

Despite clear warning that a failure to file objections would result in a waiver of judicial review, neither side filed objections to Judge Lehrburger's R&R. Because neither side filed objections to Judge Lehrburger's R&R, the parties have waived judicial review. The Court has nonetheless reviewed the 15-page R&R and finds it to be thorough, well-reasoned, and free of any clear error.

As to Plaintiff's breach of contract claim, Judge Lehrburger finds that "[t]he record indisputably establishes" all elements of a breach of contract claim: "the Notes are

5

contracts to which the parties agreed; [Plaintiff] submitted its conversion notices as required by the Note, and there is no suggestion that [Plaintiff] did not meet its own obligations; [Defendant] concedes its failure to honor the conversion request; and [Plaintiff] has not received the stock." Judge Lehrburger also notes that Defendant "admits each of [Plaintiff's] statements of material fact as to breach" and "does not make any argument" against breach in its opposition brief. (R&R (Dkt. No. 46) at 9)

As to Plaintiff's request for a declaration that Defendant, in proposing the Buyback, has violated its obligations to Plaintiff under the Notes,[3] Judge Lehrburger begins his analysis by acknowledging the standard applicable to a request for a declaratory judgment: "'the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" (Id. at 12 (quoting Nike, Inc. v. Already, LLC, 663 F.3d 89, 95-96 (2d Cir. 2018)))

As to mootness, Judge Lehrburger notes that "'a defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.'" (Id. at 13-14 (quoting Already, LLC v. Nike, Inc., 568 U.S. 85, 91 (2013)))

---

[3] Judge Lehrburger correctly notes that the first three parts of Plaintiff's request for declaratory judgment – "(1) [Plaintiff] received the Notes in exchange for good and valuable consideration and [Plaintiff] has the right to demand and receive common stock and payments due and owing under the Notes; (2) [Defendant] violated its duties and obligations to act in accordance with the Notes; (3) [Defendant] is in default under the Notes" – "replicate those [issues] resolved by summary judgment on the breach of contract claims." (R&R (Dkt. No. 46) at 10 n. 12) Accordingly, those parts of the request for declaratory judgment are moot, and this Court will only address declaratory judgment as to the BuyBack.

6

Judge Lehrburger goes on to find that Defendant "'paused' the Buyback only after [Plaintiff] filed its motion for a preliminary injunction," and thus had not "mooted the controversy by unequivocally committing under oath that it will not engage in the offending conduct in the future." (Id. at 13)  Judge Lehrburger also finds that Defendant "clearly has left that door open" and "equivocates" about whether it may resume the Buyback. (Id.) Accordingly, Defendant "has not come close to showing that it is 'absolutely clear' the it will not carry out the Buyback currently on hold." (Id. at 14)  Judge Lehrburger further concludes that any actual repurchase is "proscribed by the Notes," and that a declaratory judgment making this determination is warranted  (Id.)

Based on the foregoing, Judge Lehrburger recommends that this Court grant Plaintiff's motion for summary judgment on its claims for breach of contract and a declaratory judgment.  This Court agrees with all of Judge Lehrburger's findings and conclusions. Accordingly, his R&R will be adopted in its entirety.

## CONCLUSION

For the reasons stated above, Magistrate Judge Lehrburger's R&R is adopted in its entirety.  Plaintiff's motion for summary judgment on its breach of contract claims and request for a declaratory judgment regarding the BuyBack is granted.  The Clerk of Court is directed to terminate the motion (Dkt. No. 34).

Dated: New York, New York
        January 10, 2020

SO ORDERED.

Paul G. Gardephe
United States District Judge